IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KAREN KREBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19 CV 634 |
| v. | ) |
| | ) |
| MICHAEL D. GRAVELEY, in his official | ) |
| capacity as the District Attorney of | ) |
| Kenosha County, Wisconsin, | ) Judge |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Karen Krebs,[1] through counsel, complains against Defendant Michael Graveley, in his official capacity as District Attorney of Kenosha County Wisconsin, as follows:

### Nature of the Case

1. Wisconsin law makes it a felony for anyone who is required to register as a sex offender with the state of Wisconsin to legally change his or her name. Wis. Stat. §301.47(2)(a) (hereinafter "the name-change statute" or "the statute"). A person who changes his or her name in contravention of the statute is subject to criminal prosecution and penalties including imprisonment for up to six years and/or a fine of up to $10,000.00. Wis. Stat. §939.50.

---

[1] Plaintiff's legal name is Kenneth Krebs. As explained in full below, Plaintiff is a transgender woman who has used the name Karen since the 1990s. Plaintiff has been prohibited from legally changing her name pursuant to the statute challenged herein. References in this complaint to Plaintiff use her preferred name and gender pronouns.

2. Plaintiff Karen Krebs wishes to change her name, but is prohibited from doing so pursuant to the name-change statute. She contends that the statute, on its face and as applied to her, violates the First Amendment of the United States Constitution. Plaintiff seeks injunctive relief and declaratory relief.

## Jurisdiction and Venue

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. §1983 and alleges violations of the First Amendment of the United States Constitution.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the events giving rise to Plaintiff's claims occurred in the Eastern District of Wisconsin.

5. Declaratory relief is authorized under 28 U.S.C. §2201. A declaration of law is necessary and appropriate to determine the respective rights and duties of parties to this action.

## The Parties

6. Plaintiff Karen Krebs is a resident of Kenosha, Wisconsin.

7. Defendant Michael Graveley is the district attorney for Kenosha County. Graveley is sued in his official capacity. Pursuant to Wis. Stats. § 978.05, Graveley is responsible for "prosecut[ing] all criminal actions before any court" within Kenosha County. Graveley is thus the individual ultimately responsible for enforcement of the name-change law against Krebs.

## Relevant Facts

8. Plaintiff Karen Krebs is a transgender woman. At birth, Karen was given the name Kenneth Krebs. She has not used that name since she came out as transgender in 1999.

9. Because of a 1992 conviction, Plaintiff is required to register as a sex offender with the state of Wisconsin for the rest of her life. Thus, she is permanently prohibited from legally changing her name to Karen pursuant to the name-change statute.

10. Plaintiff wants to legally change her name, but she refrains from seeking to do so because of the threat of arrest and criminal prosecution for violation of the name-change statute.

11. Not being able to legally change her name to comport with her identity causes numerous problems in Plaintiff's life, including the following.

   (a) Plaintiff considers the name Karen to be of central importance to her self-expression and identity. Not having an official ID that matches her identity causes Plaintiff embarrassment and distress.

   (b) The name Kenneth still appears on all of Plaintiff's official documents, including her state ID, banking documents, medical records, tax forms, and her mail. This causes confusion and raises questions whenever Plaintiff applies for a job, interacts with medical professionals, or seeks to manage her personal finances.

(c) Not having an official ID that matches her identity forces Plaintiff to explain the fact that she is transgender to strangers with whom she interacts at doctors' offices, the bank, and pharmacies.

12. Plaintiff does not seek to conceal her identity or her criminal record by changing her name. In fact, the law prevents her from doing so. Wis. Stat. §301.47(2)(b) requires a registrant to report any name by which he or she "identif[ies] him or herself" to the registration authorities. Plaintiff has always complied with that rule and reports both "Kenneth" and "Karen" to the state sex offender registry. Thus, if an individual searches the registry for "Karen Krebs," "Kenneth Krebs" or simply for the last name "Krebs," Plaintiff's listing on the registry is returned as a result.

13. If Plaintiff is permitted to legally change her name, she would still register both the name she was given at birth and her legal name with the state's sex offender registry.

## COUNT I
## 42 U.S.C. §1983 – First Amendment

14. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

15. The name-change statute violates the First Amendment both on its face and as applied to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) issue a preliminary and then permanent injunction prohibiting Defendant from enforcing the name-change statute against Plaintiff and the members of the class;

(b) issue a declaratory judgment that the name-change statute violates the First Amendment;

(c) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d) grant Plaintiff any other relief the Court deems appropriate.

**Plaintiff demands trial by jury.**

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

5