# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KAREN KREBS,

        Plaintiff,

v.

MICHAEL D. GRAVELEY,

        Defendant.

Case No. 19-CV-634-JPS

**ORDER**

      Plaintiff is a transgender woman, born as Kenneth, and has used the name Karen for more than twenty years. Though Plaintiff has not used her former name in decades, she is still legally "Kenneth," and all of her government-issued identification still carry that name. This causes disruption and embarrassment for Plaintiff in situations where she is required to identify herself, as her appearance and self-identification do not match her legal identification. Plaintiff wants to put an end to the issue by legally changing her name to Karen. The problem is that Plaintiff is also a convicted sex offender. In 2003, Wisconsin enacted Wis. Stat. § 301.47, which prohibits sex offenders from changing their names (the "Name-Change Statute"). Violation of the Name-Change Statute is a Class H felony, carrying maximum penalties of a $10,000 fine and nine months' imprisonment.

      Plaintiff filed this lawsuit against the district attorney for Kenosha County, where she lives, seeking to enjoin him from prosecuting her for violating the Name-Change Statute. Plaintiff also requests that the Court declare the Name-Change Statute unconstitutional. She demands this relief because she claims that the statute violates her right of free speech under

the First Amendment. (Docket #1). The facts of the case are largely undisputed, and the parties have filed cross-motions for summary judgment asking the Court to decide the legal question of whether and how the Name-Change Statute may violate Plaintiff's constitutional rights. (Docket #25 and #26).

Plaintiff argues that the Name-Change Statute violates her First Amendment rights in four ways: 1) it compels Plaintiff to speak, and in so doing, would need to satisfy strict scrutiny, which it cannot; 2) it restricts speech in a limited public forum, namely the forum provided by Wisconsin for changing one's name, and the restriction is not reasonable in light of the purpose of that forum; 3) it regulates expressive conduct, and per the rule of *United States v. O'Brien*, 391 U.S. 367 (1968), it restricts that expression in a manner greater than is essential to an important government interest; and 4) even without application of a heightened level of scrutiny, the statute simply fails rational basis review. The parties have devoted much energy and many pages to discussing which level of scrutiny should apply and whether the statute passes muster under each level.

The Court will not engage in any such analysis in this case, owing to the fact that Plaintiff has failed to establish that Wisconsin's regulation of her ability to change her name implicates her First Amendment rights. The parties provide relatively scant attention to this matter. For his part, Defendant notes that the law does not prevent Plaintiff from going by Karen in her daily life or any other typical forum for speech.[1] Plaintiff counters

---

[1] The Name-Change Statute does prohibit sex offenders from identifying themselves by a name not registered with the state. Wis. Stat. § 301.47(2)(b). But Plaintiff long-ago registered Karen as an alias for Kenneth, the name that appears on her judgment of conviction. The Court has no occasion to address any hypothetical, and different, concerns presented by a sex offender who wishes to use an unregistered alias.

that "regulating a person's name certainly implicates the First Amendment by controlling how one expresses himself and presents his identity to the world." (Docket #33 at 4). Plaintiff chides Defendant for providing "no authority for its assertion that regulating a person's name does not implicate the First Amendment." *Id.* at 5.

Plaintiff forgets who bears the burden of proof and persuasion on her claim. It is she, not Defendant, who must establish that regulating a person's name implicates the First Amendment. *Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 764 (7th Cir. 2004) (without speech or expressive conduct, "First Amendment doctrine simply has no application"); *Clark v. Comm. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984) ("[I]t is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies. To hold otherwise would be to create a rule that all conduct is presumptively expressive. In the absence of a showing that such a rule is necessary to protect vital First Amendment interests, we decline to deviate from the general rule that one seeking relief bears the burden of demonstrating that he is entitled to it.").

Plaintiff's only support for her position is a decade-old, student-written law review article. *See* Julia Shear Kushner, The Right to Control One's Name, 57 UCLA L. Rev. 313 (2009). This is not legal precedent at all. It is a wholly insufficient legal basis for the Court to agree with Plaintiff's viewpoint.[2] This Court will not engage in the solemn task of evaluating the

---

[2]Moreover, as discussed by Defendant, the article does not actually support Plaintiff's approach. *See* (Docket #35 at 3–5). Ms. Kushner provides a thorough analysis of the First Amendment implications of name-changing regulations, concluding that they likely to do not impinge upon a person's speech. 57 UCLA L. Rev. at 336–42.

constitutionality of a state's enactment untethered from a legal footing, much less a solid one.

The Court must, therefore, find that Plaintiff has not met her burden to demonstrate that the Name-Change Statute implicates her speech rights. Without this foundation, Plaintiff cannot present a viable First Amendment claim at all, irrespective of the level of scrutiny to be applied. The Court stresses the limitations of this holding. It is based entirely upon the briefing presented in this case by these parties. The Court takes well the instruction from the Court of Appeals that it should not conduct a party's legal research or invent arguments on a party's behalf. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel."); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).") (quotation omitted). The Court thus does not comment upon whether any appropriate arguments and legal support *could* be found to support Plaintiff's position; it finds only that she has not provided as much to the Court.[3]

---

[3]Plaintiff's claim presents important and evolving issues for our society. To be unable to address the matter because of poorly constructed and researched arguments seems a waste of time for all involved. But as explained in *Kay v. Board of Education of City of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008), when a "[district] judge [acts] *sua sponte*, the parties [are] unable to provide their views and supply legal authorities. The benefit of adversarial presentation is a major reason why judges should respond to the parties' arguments rather than going off independently." It is for the parties, not the Court, to carefully select and craft the arguments they will present to support their positions.

The parties seem to assume that even with this finding, the Court can and should analyze the Name-Change Statute under the auspices of rational basis review. (Docket #33 at 3–4; Docket #35 at 4–5). The Court cannot agree. Plaintiff's only claim in this case is for violation of her First Amendment rights. (Docket #1 at 4-5). Without her freedom of speech being implicated in the matter, she presents no claim at all. The Court has no authority to pass judgment upon the Name-Change Statute in the absence of a justiciable injury. In plainer terms, citizens cannot file lawsuits requesting a certain enactment be subject to rational basis review without an allegation that the enactment has harmed them. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).[4]

In light of the foregoing, the Court must grant Defendant's motion for summary judgment and dismiss this action with prejudice. The Court will also deny as moot a motion for an extension of time filed by Plaintiff during the course of summary judgment briefing. (Docket #31).

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #26) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #25) be and the same is hereby **DENIED**;

---

[4] On this point, Defendant quotes *Wisconsin Education Association Council v. Scott Walker*, 705 F.3d 640, 657 n.12 (7th Cir. 2013), which states that "[r]ational basis review . . . is not a level of scrutiny under the First Amendment but merely the residual level of scrutiny that courts apply to all laws not involving a suspect class or infringing a fundamental right." But even a "residual" level of scrutiny must be tied to an injury-in-fact. Plaintiff has no First Amendment claim, and she has not alleged an alternative constitutional basis for this action, such as the Equal Protection or Due Process clauses.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Docket #31) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge